UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH WATCHERS, | No. 2:12-cv-2728 JAM CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SANG NGO, et al., | |
| Defendants. | |

    Presently before the court is plaintiff's motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

    Plaintiff suffers from spinocerebellar ataxia and spacticity syndrome, which has left her unable to walk. She uses an electric wheelchair and a lift-equipped van. Defendants own, operate, and/or lease the Holiday Plaza, located in Stockton, California. The complaint alleges that plaintiff visited the subject establishment and encountered architectural barriers which denied her full and equal access.

    The record reflects that defendant Sang Ngo was properly served with process on February 16, 2013. ECF No. 5. Defendant Hoa Ngo was properly served by substituted service on February 21, 2013. ECF No. 6. Default against these defendants was entered on April 10,

1

2013.  Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendants.  Plaintiff seeks an entry of default judgment in the amount of $12,000 in statutory damages pursuant to California Civil Code section 52(a),[1] $6,301.01 in attorneys fees and costs, and injunctive relief.[2]

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of statutory damages and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit.  An award of statutory damages in the amount of $4,000 for the one actual visit is

---

[1] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation.  Cal. Civ. Code § 52(a).  Plaintiff seeks statutory damages in the amount of $4,000 for an actual visit and $8,000 for two foregone visits.  Under California Civil Code § 55.56(d), "[a] plaintiff demonstrates that he or she was deterred from accessing a place of public accommodation on a particular occasion only if both of the following apply:
  (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.
  (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion."
  In support of the motion for default judgment, plaintiff submits a declaration in which she avers she "was deterred from visiting [the subject shopping center] on at least two other occasions." ECF No. 11-3 at 2:9.  Plaintiff's offers no explanation as to why she intended to use the subject facility and was deterred; her general averment is inadequate to sustain statutory damages for two foregone visits.  Cf. Lentini v. Cal. Center for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004) (award of statutory damages for deterred visits appropriate where plaintiff regularly attended events at an arts center but was denied admittance with service animal and subsequently refrained from attending events she would ordinarily have attended if allowed admittance with her service animal).

[2] Plaintiff seeks injunctive relief requiring defendants to remove identified architectural barriers only to the extent such alterations are readily achievable.

2

appropriate. The court finds the amount of attorney's fees and costs in the amount of $6,301.01 is reasonable both with respect to the amount of time claimed and the hourly rate. With respect to plaintiff's claim for injunctive relief, the court finds that defendants have failed to provide appropriate tow-away signage, failed to designate van accessible parking spaces, the handicapped accessible parking spaces and access aisles in the subject facility exceed allowable slopes and cross slopes, and the words "No Parking" are not painted within either of the access aisles, as required by 28 Code of Federal Regulations, Part 36, Appendix D, ("ADAAG") §§4.1.2(5)(b), 4.6.4, 4.8.2, 4.8.6. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 11) against defendants Sang Ngo and Hoa Ngo be granted;

2. Plaintiff be awarded statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $6,301.01, for the total amount of $10,301.01.

3. Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations to the property known as "Holiday Plaza," located at 707 East March Lane in Stockton, CA 95207 that consist of the following, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36, Appendix D, §§4.1.2(5)(b), 4.6.4, 4.8.2, 4.8.6: provide appropriate tow-away signage, designate van accessible parking spaces, provide handicapped accessible parking spaces and access aisles with slopes and cross slopes not exceeding allowable limits, and paint the words "No Parking" in the access aisles.

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 watchers.def